**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CASTLE FIT CORPORATION,

      Plaintiff,

      v.

FRIEND ENTERPRISES LLC,

      Defendant

C.A. No. 26-_____

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Castle Fit Corporation ("Castle Fit"), by and through its undersigned counsel, brings this Complaint against Defendant Friend Enterprises LLC ("Friend Enterprises"), and alleges as follows:

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq. Castle Fit is the owner of United States Patent No. 11,383,119 ("'119 Patent"), which is directed to a multimodal fitness bar. Defendant, through its FriendCo online storefront and its Flex Friend branded products, makes, uses, offers to sell, sells, and/or imports into the United States a multimodal fitness bar that infringes at least one claim of the '119 Patent and thereby infringes the '119 Patent. Castle Fit brings this action to recover damages for Defendant's infringement and to enjoin Defendant from continuing to infringe.

## THE PARTIES

3. Plaintiff Castle Fit is a Delaware corporation having its principal place of business in Atlanta, Georgia. Castle Fit designs, develops, and sells fitness equipment, including products that embody the technology claimed in the '119 Patent.

4.     On information and belief, Defendant Friend Enterprises, doing business as FriendCo and selling under the Flex Friend brand, is a Delaware limited liability company with a registered agent of Michael A. Friend at 35 Hempstead Drive, Newark, Delaware 19702 and having its principal place of business at 1100 Waters Edge Drive, Newark, Delaware 19702. On information and belief, Friend Enterprises is owned and operated by Michael A. Friend.

## JURISDICTION AND VENUE

5.     This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

6.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7.     This Court has personal jurisdiction over Friend Enterprises, because it is organized under the laws of the State of Delaware and maintains its principal place of business in Newark, Delaware, and is therefore at home in this judicial district. In addition, Friend Enterprises has committed and continues to commit acts of patent infringement within this judicial district by, among other things, offering to sell, selling, and shipping infringing products from Delaware through online marketplaces to customers, including those in Delaware.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)–(c) and 28 U.S.C. § 1400(b), because Friend Enterprises resides in this judicial district and has committed acts of patent infringement in this judicial district.

## FACTUAL BACKGROUND

9.     Castle Fit designs, develops, and sells stretching, mobility, and strength-training products for consumers in the United States. It sells these products under the registered trademark, CASTLEFLEXX (U.S. Trademark Reg. No. 6,343,056) through a number of online

retail outlets, including through its website at www.castleflexx.com. The products that practice the '119 Patent are the result of substantial research and development by Daniel Castle, the founder of Castle Fit and the sole named inventor on the '119 Patent.

10.     The '119 Patent claims a multimodal fitness bar combining a bar assembly with a flexible-fabric resistance assembly—a single device that supports a broad range of stretching, mobility, and resistance-training use. Castle Fit competes in the consumer-fitness market on the strength of that differentiated functionality and product, and its products that practice the '119 Patent are the embodiment of that differentiation in the marketplace.

11.     Castle Fit has complied with all marking requirements of 35 U.S.C. § 287, including by affixing on the product the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates its patented articles with the '119 Patent. That website is accessible at https://castleflexx.com/pages/patents.

12.     Castle Fit has invested heavily in protecting its innovations through the United States patent system. The '119 Patent issued as a continuation-in-part of, and shares its specification family with, U.S. Patent No. 11,020,625, also held by Castle Fit. The '119 Patent and U.S. Patent No. 11,020,625 are part of Castle Fit's broader patent portfolio covering the multimodal fitness bar product line, which also includes U.S. Patent Nos. 11,969,620 and 12,377,309 (additional utility patents) and U.S. Patent Nos. D963,076 and D1,084,172 (design patents). Castle Fit further holds U.S. Patent No. 12,349,828 (a utility patent) and U.S. Patent No. D1,043,182 (a design patent) covering related fitness-and-recovery products. Castle Fit additionally has multiple patent applications pending before the United States Patent and Trademark Office, including in continuing prosecution of its fitness-bar technology. Castle Fit

3

also owns U.S. Trademark Registration No. 6,343,056 for the CASTLEFLEXX mark, which it uses in commerce in connection with its patented products. Castle Fit relies on the exclusivity afforded by these intellectual-property protections—and on the '119 Patent—to maintain its position in the consumer-fitness market.

13.     Castle Fit's patented products are sold direct-to-consumer through Castle Fit's own online storefront at castleflexx.com and through Castle Fit's branded Amazon storefront at https://www.amazon.com/stores/CASTLEFLEXX/page/846F11FA-5D56-4990-9D03-DFD48E383FD7.

14.    Castle Fit's online storefront and Amazon storefront are depicted below:



*CastleFlexx Online Storefront – Luxury*



*CastleFlexx Online Amazon Storefront*

15.    Castle Fit additionally markets its patented products through its social-media presence on Instagram (https://www.instagram.com/castleflexx) and TikTok (https://www.tiktok.com/@castleflexx), and through paid advertising on Meta platforms and other online advertisers. Examples of Castle Fit's Meta-platform advertising are reproduced below:

  

*CastleFlexx Instagram Ads*

16.    Friend Enterprises's infringing product competes directly with Castle Fit's genuine product in the consumer stretching-and-mobility equipment market. Friend Enterprises's infringing stretching device is offered through the same online retail channels and to the same end consumers as Castle Fit's products that practice the '119 Patent. Each unit sold by Friend Enterprises is a sale that would otherwise have been available to Castle Fit, and each such sale erodes the price discipline, market share, and customer goodwill that Castle Fit has built in reliance on the exclusivity of the '119 Patent.

17.    Defendant's Walmart product page for the Accused Product is depicted below:



*Defendant's Accused Product Walmart Product Page (May 19, 2026)*

## THE PATENT-IN-SUIT

18.    The '119 Patent, titled Multimodal Fitness Bar, was duly and lawfully issued by the United States Patent and Trademark Office on July 12, 2022. The named inventor is Daniel Castle, and the patent is assigned to Castle Fit. A true and correct copy of the '119 Patent is attached hereto as **Exhibit A**.

19.    Castle Fit owns all right, title, and interest in and to the '119 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '119 Patent.

20.    The '119 Patent is valid and enforceable.

## THE ACCUSED PRODUCT

21.    Defendant makes, uses, offers to sell, sells, and/or imports into the United States a stretching device marketed and sold under the name Flex Friend Yoga Pilates Stretching Strap

("Accused Product"). The Accused Product is a multimodal fitness bar comprising one or more gripping members and a sheet-form resistance assembly with proximal and distal portions, an opening between them, and a curled distal portion configured to interface with the Achilles heel of a user.

22.    Defendant offers the Accused Product for sale and sells the Accused Product to consumers in the United States, including in this judicial district, through online marketplaces, including without limitation Walmart.com (under the FriendCo seller storefront), at https://www.walmart.com/ip/Flex-Friend-Yoga-Pilates-Stretching-Strap-Mobility-Full-Body-Strengthening-Device-Non-Elastic-Ergonomic-Grip-Handles-Exercise-Stretching-Physical-The/19660401098 (last visited May 21, 2026).

23.    Defendant's presence on the Walmart online store inhibits Castle Fit's ability to expand its own presence into the Walmart online store. Walmart representatives have made inquiries to Castle Fit and have indicated interest in carrying Castle Fit's genuine CastleFlexx product, but Defendant's Accused Product severely undercuts Castle Fit's current retail price (compare $99.99, Defendant's current retail price for the Accused Product through Walmart.com, to $238.00, Castle Fit's current retail price for its genuine CastleFlexx Luxury product). Defendant's continued retail presence is thereby inhibiting Castle Fit's expansion into new online retail channels.

24.    Castle Fit has no adequate remedy if Defendant's infringing activities are not enjoined.

25.    Defendant previously offered the Accused Product for sale on Amazon.com (Amazon Standard Identification Number B0FGJYG3TY), but after Plaintiff complained of the infringement, Amazon removed Defendant's product listing.

26.     Defendant has had actual notice of the '119 Patent and of its infringement of the '119 Patent at least as early as October 30, 2025, as further detailed below. Defendant has continued to make, use, offer for sale, sell, and import the Accused Product after receiving such notice.

27.     A side-by-side comparison of Figure 1 of the '119 Patent, a genuine CastleFlexx product that practices the '119 Patent, and the Accused Product is shown below:



|  |  |  |
|:---:|:---:|:---:|
| *'119 Patent Fig. 1* | *Genuine CastleFlexx Product* | *Accused Product (Image from Defendant's Walmart Listing)* |

## COUNT I — INFRINGEMENT OF U.S. PATENT NO. 11,383,119

28.     Castle Fit realleges and incorporates by reference each of the foregoing allegations as if fully set forth herein.

29.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe at least claim 1 of the '119 Patent, literally and/or under the doctrine of

equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Product.

30.    Attached hereto as **Exhibit B** is a claim chart that maps the elements of claim 1 of the '119 Patent to the Accused Product. The Accused Product includes each and every feature described in the right-hand column of the claim chart of Exhibit B. The claim chart is exemplary and is without prejudice to Castle Fit's assertion of additional claims of the '119 Patent against the Accused Product or any other product made, used, offered for sale, sold, or imported by Defendant.

31.    Defendant's infringement of the '119 Patent has been and continues to be willful and deliberate. Defendant had actual knowledge of the '119 Patent and of its infringement no later than October 30, 2025. On October 30, 2025, Defendant wrote to Plaintiff's counsel in connection with a platform infringement complaint lodged by Plaintiff with Amazon.com, related to Defendant's sales of the Accused Product on Amazon.com. Defendant requested identification of the patent claims at issue and notification of which specific features were alleged to be infringing. Plaintiff (through counsel) responded that same day with an exemplary claim chart mapping a materially identical product to claim 1 of the '119 Patent.

32.    Defendant did not respond to Plaintiff after receiving the claim chart, but it did continue offering for sale and selling the Accused Product in the United States, including via Amazon.com until the platform removed the Accused Product in response to Plaintiff's infringement complaint in early December, 2025.

33.    Since receiving notice that sale of the Accused Product infringes the '119 Patent, Defendant has expanded its sales and offers of sales of the Accused Product in the United States into new online retail channels, including Walmart.com, in which Plaintiff is also present or

10

expanding into, but which lack Amazon's notice-and-takedown procedures for patent-infringing products.

34. Defendant's Walmart.com Accused Product description includes copy lifted directly from Plaintiff's website. Attached hereto as **Exhibit C** is a copy of Defendant's Walmart.com product page for the Accused Product captured approximately April 24, 2026. Among other things, Defendant copied Plaintiff's language that describes the product as patent protected: the Accused Product is a "patented foot hammock" design. This same phrase appears on Plaintiff's own website in its description of the genuine article.

35. On information and belief, Defendant does not own any issued patents. The only patents relevant to the Accused Product are owned by Plaintiff, and on information and belief, the '119 Patent is among those referenced by Defendant's product description because the description is the result of copying Plaintiff's product description.

36. Despite knowledge that its product infringes the '119 Patent, Defendant has continued its infringing conduct without authorization from Castle Fit. Defendant's continued infringement after receiving notice of the '119 Patent and a claim chart demonstrating infringement, and continued infringement after forced removal of the Accused Product from Amazon.com in connection with patent infringement, was egregious, wanton, and in conscious disregard of Castle Fit's rights.

37. As a direct and proximate result of Defendant's infringement of the '119 Patent, Castle Fit has suffered and will continue to suffer damages in an amount to be proven at trial, together with interest and costs as fixed by the Court.

11

38.     Defendant's continuing infringement of the '119 Patent has caused, and will continue to cause, Castle Fit irreparable harm, for which there is no adequate remedy at law. Castle Fit is entitled to a permanent injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Castle Fit requests that the Court:

A.     Adjudge that Defendant has infringed and is infringing one or more claims of the '119 Patent, directly and/or under the doctrine of equivalents, by making, using, selling, or offering to sell the Accused Product in the United States;

B.     Award Castle Fit damages adequate to compensate for Defendant's infringement of the '119 Patent under 35 U.S.C. § 284, together with prejudgment and post-judgment interest;

C.      Find that Defendant's infringement has been willful and award enhanced damages of up to three times the amount found or assessed under 35 U.S.C. § 284;

D.     Permanently enjoin Defendant, and all persons in active concert or participation with it, from infringing, directly or indirectly, the '119 Patent, including from making, using, selling, or offering to sell the Accused Product in the United States and from importing the Accused Product into the United States;

E.     Declare this case exceptional under 35 U.S.C. § 285, and award Castle Fit its reasonable attorneys' fees;

F.     Award Castle Fit its costs and expenses incurred in this action; and

G.     Grant such other and further relief as the Court deems just and proper.

Dated: May 21, 2026

*Of Counsel:*

Connor T. Lynch
**LYNCH LLP**
360 East 2nd St., Ste 800
Los Angeles, CA 90012
(949) 229-3141
connor@lynchllp.com

**SMITH, KATZENSTEIN & JENKINS, LLP**

<u>*/s/ Daniel A. Taylor*</u>
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Plaintiff*
*Castle Fit Corporation*

13